Rairdon v. Sampson.                    67 *N. J. L.*

JOSEPH A. RAIRDON, ADMINISTRATOR, &c., DEFENDANT IN ERROR, v. JAMES SAMPSON, PLAINTIFF IN ERROR.

Submitted December 10, 1901—Decided March 3, 1902.

In an action by an administrator to recover money due the estate of his intestate, the widow of the latter is a competent witness as to any transaction with or statement by such intestate, and the defendant is not a competent witness as to such subject-matter unless the administrator has offered himself as a witness on his own behalf and has testified to some transaction with or statement by his intestate.

On error to the Supreme Court.

For the plaintiff in error, *Robert S. Woodruff* and *James J. Cahill.*

For the defendant in error, *John H. Backes.*

The opinion of the court was delivered by

VREDENBURGH, J.   The only three assignments of error demanding consideration challenge the correctness of the ruling of the trial court, both in its admission of the evidence for the plaintiff below of Catharine Rairdon, the widow of the intestate, John Rairdon, represented in this action, as to transactions which occurred between her deceased husband and the defendant, as well as in its subsequent rejection of the testimony of James Sampson, the defendant, as to such transactions.   The administrator was not offered, and did not testify,

as a witness.  The judicial action in this case is controlled by express statutory law, and must rest exclusively upon its correct interpretation.  The two sections of the "Act concerning evidence" in question (*Pamph. L.* 1900, *p.* 362) read as follows:

"3.  No person shall be disqualified as a witness in any suit or proceeding at law or in equity by reason of his interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his credit; provided, no party shall be sworn in any case where the opposite party is prohibited, by any legal disability, from being sworn as a witness.

"4.  In all civil actions any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity; provided, this section shall not extend to permit testimony to be given by any party to the action as to any transaction with or statement by any testator or intestate represented in said action, unless the representative offers himself as a witness on his own behalf, and testifies to any transaction with or statement by his testator or intestate, in which event the other party may be a witness on his own behalf as to all transactions with or statements by such testator or intestate, which are pertinent to the issue."

Under such clear statutory expression, Catharine Rairdon, who was not a party to the record, although interested in the event of the suit, was a qualified and competent witness in all respects and for all purposes, unless, as is insisted by counsel in his brief for the plaintiff in error, "she ought to be considered as a party to the case, within the purview of the third section of the act" (above quoted).  But to so regard her is to ignore the plain definition of the words of the statute, and attempt, by construction, to amend the law in order to do away with its fancied hardships.  This court has always construed the act, out of which the present statute has grown, rigorously by its precise letter, and has refused to extend its terms so as to reach a presumed equity or avoid an apparent injustice.  In the case of *Palmateer* v. *Tillon,* 12

*Stew. Eq.* 40, Chancellor Runyon, in construing the "Act concerning evidence" (which, for the purpose in hand, may be considered in its present form), sought to give effect to an interpretation he supposed was within the "spirit and meaning" of the act, and rejected the testimony of the complainant (Palmateer) because he regarded the defendant as sued in a representative capacity. He therefore held that the former should not be permitted to testify and thus profit by the misfortune of his adversary; but this court, on appeal to it, in an opinion read by Chief Justice Beasley, held that the law should be strictly construed, and disapproved of any latitude in its construction, holding that the act did not exclude a party from testifying with respect to a contract made by him with the deceased executor of the represented testator. He said: "The statute itself enumerates the cases in which the testimony is to be rejected, and no case can be added to that enumeration. If we attempt to leave the plain terms of this act, we enter into an undefined field of inference and conjecture." *Palmateer* v. *Tilton,* 13 *Id.* 555. And in *Hodge* v. *Coriell,* 15 *Vroom* 456, the same learned judge, speaking for the Supreme Court, said: "Such incongruities are avoided by reading the statute as the rules of construction require, according to the plain meaning of plain terms. I can perceive no legal ground on which this clear language is to be subjected to judicial alteration, under the notion that the court can improve on this legislation." This decision was affirmed in this court. *Hodge* v. *Coriell,* 17 *Id.* 354. These authoritative rules for the construction of this statute have been closely followed and fully approved by numerous cases, arising under it both at law and in equity, which it would be useless to cite. Respecting the third assignment of error, since the administrator did not offer himself as a witness, and did not testify to any transaction with the testator, the trial court would have ignored the clear direction of the statute and committed error if it had yielded to the insistment of the plaintiff in error and admitted the proposed testimony of the defendant.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 14.

*For reversal*—None.